FILED
CLERK, U.S. DISTRICT COURT
10/17/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: TV DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00509-HDV |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 371: Conspiracy to Commit Wire Fraud; 18 U.S.C. § 982(a)(2): Criminal Forfeiture] |
| RASOOL GARAWI, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 371]

Beginning in 2020, and continuing through at least August 5, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant RASOOL GARAWI, and others, conspired to commit wire fraud, in violation of Title 18, United States Code, Section 1343. The object of the conspiracy was carried out, and to be carried out, in substance, as follows: Defendant GARAWI, acting with the intent to defraud, arranged to file for an Economic Injury Disaster Loan for his business 7K Digital LLC for $97,300, in which he falsely declared that it was not engaged in any illegal activity, when he knew that most

of its business activity involved the sale of marijuana, which was illegal activity as defined by Federal guidelines, and that his business was therefore ineligible for the loan.  In furtherance of the conspiracy on or about July 8, 2020, a co-conspirator filed the falsified application for an Economic Injury Disaster Loan, which caused an interstate wire communication.

FORFEITURE ALLEGATION

[18 U.S.C. § 982(a)(2)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendant RASOOL GARAWI ("defendant"), that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(2), in the event of defendant's conviction of the offense set forth in this Information.

2.  The defendant, if so convicted, shall forfeit to the United States the following property:

   a.  All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense, without limitation:

      i.  $628,740 in U.S. Currency seized from U.S. Private Vaults safe deposit box 1805 in March 2021, CATS ID 21-FBI-003033;

      ii. $523,716 in U.S. Currency seized on May 10, 2022 from Muhammad Garawi's residence in Los Angeles, California, CATS ID 22-FBI-003604;

      iii. $4,478 in U.S. Currency seized on May 10, 2022 from Ali Garawi's residence in Los Angeles, California, CATS ID 22-FBI-003603;

      iv. $251,253 in U.S. Currency seized on May 10, 2022 from defendant's residence in Los Angeles, California, CATS ID 22-FBI-003602; and

3

       b.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

    3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA  
United States Attorney

*[signature]*

MACK E. JENKINS  
Assistant United States Attorney  
Chief, Criminal Division

RANEE A. KATZENSTEIN  
Assistant United States Attorney  
Chief, Major Frauds Section

ANDREW BROWN  
Assistant United States Attorney  
Major Frauds Section